Tatioti, Chief Justice,
 

 delivered the opinion of the Court:
 

 The question submitted involves another, to wit, whether the report of the Justice and freeholders be conclusive upon the parties. A majority of the Court think that it is. The Legislature have thought proper to confide a portion of judicial power to the Justice and two freeholders, and their judgment like that of any other tribunal, must be conclusive whilst it remains in force. Though notice is not directed by the act to be given to the Defendant, yet it was done in the present case, and he had a full opportunity of cross-examining the witnesses, and adducing testimony in his own behalf. And if after all, manifest injustice had been done to him, he could not have put the case in a course of revision in a superior tribunal. This Court is not at liberty to enter into an examination of the justice or injustice of the decision, unless it come before them in a regular way. They will take care that the persons who act do not exceed the jurisdiction entrusted to them, but while they keep within that, their determination is binding upon
 
 *300
 
 the parties lo it. On the legislative policy of erecting particular tribunals there m'ay exist a variety of opinions, and if called upon to declare our own, we should not hesitate to express a wish, that the present law, particularly, might undergo a revision, since it derogates so much from the common law mode of proceeding, that the powers exercised under it may have the most injurious operation. But as it is a law we are bound by it, and a majority of the Court are of opinion that the Plaintiff ought to pay for the witnesses summoned by him, for the purpose of supporting the certificate of the Jus-? tice and freeholders.
 

 flAti, Judge,
 

 contra. — If the report of the Justice and freeholders be conclusive, it was unnecessary for the Plaintiff to summon witnesses and he ought to pay them. But I think the report is not entitled to so much credit, nor do I think there ought to be a trial
 
 de novo.
 
 The report sliould be considered so conclusive as to establish a demand, and put the Defendant to impeach it, and show that it was improperly made. It should be considered as only
 
 prima facie
 
 evidence of p demand. ' If it were considered as conclusive, the Defendant would be deprived of his property without the semblance of a trial by jury. It is true, if the party fail to pay the damages,' the remedy jnust be by suitor warrant. But what will that avail him, if he be not permitted to examine the report, and shew it to be irregular and unjust ? If the Legislature had intended it' to be conclusive, they might as well have directed the Justice to issue execution for the damages. One thing alone satisfies hiy mind on this subject, the law points out no way by which 'the Defendánt can appeal , and to say 'that the report shall not be impeached, is to say that the parties’ shall be bound by the decision of the Justice and freeholders,' without an opportunity of having a rehearing before a Court and Jury. Í, there
 
 *301
 
 fore think, the Plaintiff ought to recover the costs in question, and that the Defendant’s motion should be overruled.